# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| ANDREW AND NATALIE O'NEAL, § § *Plaintiffs,* § § v. § § AMGUARD INSURANCE COMPANY, § § *Defendant.* § § § | Civil Action No.  4:22-CV-00181 Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant AmGuard Insurance Company's Partial Motion for Summary Judgment (Dkt. #16).  Having considered the motion, the response, and the relevant pleadings, the Court finds that the motion should be **DENIED**.

## BACKGROUND

This is an insurance coverage dispute.  Plaintiffs Andrew and Natalie O'Neal allege that Defendant AmGuard Insurance Company ("AmGuard") improperly denied Plaintiffs' claims to coverage for property damage stemming from Winter Storm Uri (Dkt. #8).  Plaintiffs were insured under an "all risk" homeowner's insurance policy issued by AmGuard (Policy No. ANHO127698), which covered Plaintiffs' property at 7726 Vista Creek Ln., Sachse, Texas 75048 (Dkt. #16 at p. 3).  This property suffered water damage as the result of a pipe burst during the February 2021 winter storm (Dkt. #16 at p. 3).  In the wake of the winter storm, Plaintiffs submitted a claim to AmGuard on February 17, 2021 (Dkt. #16 at p. 3).  On March 23, 2021, AmGuard inspected Plaintiffs' property and issued an estimate of the damage, along with $22,323.48 for repairs to Plaintiffs' property (Dkt. #16 at p. 3).  Dissatisfied with AmGuard's estimate, Plaintiffs obtained a second estimate that assessed the damage to Plaintiffs' property at roughly $55,726.37

(Dkt. #8 ¶ 17).  According to Plaintiffs, AmGuard refused to cover freeze damage throughout Plaintiffs' home, including the cost of replacing wood flooring throughout the home due to damage sustained to the downstairs flooring (Dkt. #17 at p. 5).

And so, on February 7, 2022, Plaintiffs filed suit in the 471st District Court in Collin County, Texas (Dkt. #1).  On March 7, 2022, AmGuard removed the case to this Court on diversity grounds under 28 U.S.C. §§ 1332, 1441, and 1446 (Dkt. #1 at p. 1).  Plaintiffs filed an amended complaint April 29, 2022, in which they asserted claims against AmGuard for breach of contract, common law bad faith, and violations of the Texas Insurance Code and the Deceptive Trade Practices Act (Dkt. #8).

On October 10, 2022, AmGuard moved for summary judgment on Plaintiffs' claims relating to AmGuard's refusal to cover the replacement of the upstairs flooring in Plaintiffs' property (Dkt. #16).  Plaintiffs responded on October 31, 2022 (Dkt. #17).  Plaintiffs filed their reply on November 7, 2022 (Dkt. #18).

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).  Summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  A dispute about a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986).  Substantive law identifies which facts are material.  *Id.*  The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment.  *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005).

The party seeking summary judgment bears the initial burden of informing the court of its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact.  FED. R. CIV. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323.  If the movant bears the burden of proof on a claim or defense for which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense."  *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).  Where the nonmovant bears the burden of proof, the movant may discharge the burden by showing that there is an absence of evidence to support the nonmovant's case.  *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000).

Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial."  *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49).  A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment.  *Anderson*, 477 U.S. at 257.  Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden.  Rather, the Court requires "significant probative evidence" from the nonmovant to deny a request for summary judgment.  *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001).  The Court must consider all the evidence but "refrain from making any credibility determinations or weighing the evidence."  *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

After a careful review of the record and the arguments presented, the Court is not convinced that AmGuard has met its burden demonstrating that there are no material issues of fact entitling it to judgment as a matter of law. Accordingly, the Court finds that AmGuard is not entitled to partial summary judgment.

## CONCLUSION

It is therefore **ORDERED** that Defendant AmGuard Insurance Company's Partial Motion for Summary Judgment (Dkt. #16) is hereby **DENIED**.

**IT IS SO ORDERED.**

**SIGNED this 13th day of April, 2023.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE