# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| ANDREW and NATALIE O'NEAL, § | |
| § | |
| *Plaintiffs,* § | Civil Action No. 4:22-CV-00181 |
| § | Judge Mazzant |
| v. § | |
| § | |
| AMGUARD INSURANCE COMPANY, § | |
| § | |
| *Defendant.* § | |
| § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' Motion to Strike Steve Shearin and Exhibits Therefore (Dkt. #41). Having considered the motion, the response, and the relevant pleadings, the Court finds that the motion should be **DENIED**.

## BACKGROUND

This is an insurance coverage dispute. Plaintiffs Andrew and Natalie O'Neal allege that Defendant AmGuard Insurance Company ("AmGuard") improperly denied Plaintiffs' claims to coverage for property damage stemming from Winter Storm Uri (Dkt. #8). The parties are set to begin trial on May 1, 2023.

AmGuard intends to call Steve Shearin ("Shearin") as an expert witness at trial to discuss his inspection of Plaintiffs' home and the pricing of repair costs (Dkt. #37). In preparation for this case, Shearin inspected Plaintiffs' property on July 19, 2022 (Dkt. #43 at p. 1). On August 8, 2022, AmGuard produced an expert report purportedly based on Shearin's July 19 inspection, but it did not disclose Shearin as an expert witness (Dkt. #43 at p. 4). Under the Scheduling Order guiding this case, the latest date on which the parties were to disclose expert witnesses and their reports was August 10, 2022 (Dkt. #10). AmGuard did not disclose Shearin as an expert witness before

August 10.  Nor did it identify Shearin as an expert witness in its initial witness list, which it filed on January 31, 2023 (Dkt. #22), or in its amended witness list filed on February 23, 2023 (Dkt. #33).  Instead, AmGuard has consistently identified Gary Boyd ("Boyd"), who is Shearin's supervisor at Boyd, Inc., as its "pricing expert" (Dkt. #22; Dkt. #33).  That said, on March 31, 2023, AmGuard amended its witness list again, designating Shearin as a "pricing expert" for the first time (Dkt. #37).

On April 13, 2023, Plaintiffs filed the pending motion, asking the Court to strike Shearin as a witness (Dkt. #41).  AmGuard filed a response on April 20, 2023 (Dkt. #43).  Plaintiffs replied on April 25, 2023 (Dkt. #45).[1]

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(a)(2)(B), a party that retains an expert to provide expert testimony in a case must submit a report that includes: (1) a complete statement of all opinions of the witness and the reasons for them; (2) the facts or data the expert considered in forming his opinion; (3) any exhibits that will be used; (4) the witness's qualifications, including publications; (5) a list of all other cases in which he has testified in the previous four years; and (6) a statement of his compensation in the present case.  FED. R. CIV. P. 26(a)(2)(B)(i)-(vi).  If for some reason the witness is not required to provide such a report, Rule 26(a)(2)(C) nevertheless requires a party to disclose: (1) the subject matter on which the witness is expected to present evidence, and (2) a summary of the facts and opinions to which the witness is expected to testify.  *Id.* at (a)(2)(C).  A party must make timely expert-witness disclosures within the deadlines set by

---

[1] In its reply, Plaintiffs also ask the Court to strike Boyd as an expert and to sanction Defendant (Dkt. #45 at pp. 7–8). The Court, however, will not consider issues raised for the first time in a reply brief. *See, e.g., Flores v. AT&T Corp.*, No. 3:17-CV-00318, 2018 WL 6588586, at *9 (W.D. Tex. Nov. 8, 2018) ("The Reply is not the appropriate place for a party to raise new issues for the first time.").

the Court's Scheduling Order. *State Auto. Mut. Ins. Co. v. Freehold Mgmt., Inc.*, No. 3:16-CV-2255, 2019 WL 1436659, at *21 (N.D. Tex. Mar. 31, 2019) (citing FED. R. CIV. P. 26(a)(2)(D)).

If a party fails to provide information as required under Rule 26(a), it may not use that information or witness to "supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). "The sanction is automatic in the sense that there is no need for the opposing party to make a motion to compel disclosure." 8B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2289.1 (3d ed. 2010). To determine whether a party's violation of Rule 26(a) is harmless, the Court considers four factors: (1) the importance of the testimony to be excluded; (2) the explanation of the party for its failure to company with the Court's order; (3) the potential prejudice that would arise from allowing the testimony; and (4) the availability of a continuance to cure such prejudice. *Harmon v. Georgia Gulf Lake Charles L.L.C.*, 476 F. App'x 31, 36 (5th Cir. 2012) (citing *EEOC v. Gen. Dynamics Corp.*, 999 F.2d 113, 115 (5th Cir. 1993)). In conducting this analysis, the Court remains mindful that Rule 26 exists "to prevent unfair surprise at trial and to permit the opposing party to prepare for rebuttal reports, to depose the expert in advance of trial, and to prepare for cross-examination." *Payne v. Brayton*, No. 4:15-CV-809, 2017 WL 194210, at *3 (E.D. Tex. Jan. 18, 2017).

## ANALYSIS

Plaintiffs argue that Shearin should be excluded as a witness because AmGuard failed to disclose him as an expert within the time limit allotted by Rule 26(a) and the Court's Scheduling Order (Dkt. #41 at p. 1). In response, AmGuard does not dispute the fact that it failed to provide Plaintiffs with a timely disclosure designating Shearin as an expert witness (Dkt. #41). Rather, AmGuard contends that its failure is harmless because Plaintiffs will not suffer any prejudice if

3

Shearin is allowed to testify in the upcoming trial (Dkt. #43 at p. 2). The Court agrees with AmGuard.

The first factor that the Court must consider is the importance of Shearin's testimony. *See Gen. Dynamics*, 999 F.2d at 115. It is largely beyond dispute that Shearin's testimony is important to AmGuard's defense. Although Plaintiffs characterize his testimony as "cumulative," Shearin is the only AmGuard expert who actually inspected Plaintiffs' home and his findings underlie AmGuard's expert report (Dkt. #43 at p. 4). That said, "the importance of proposed testimony cannot 'singularly override the enforcement of local rules and scheduling orders.'" *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004) (quoting *Geiserman v. MacDonald*, 893 F.2d 787, 792 (5th Cir. 1990)). So, while the importance of Shearin's testimony weighs in favor of denying Plaintiffs' motion, the Court must address the remaining factors.

The second factor is AmGuard's explanation for its failure to meet the Court's deadline. *See Gen. Dynamics*, 999 F.2d at 115. Although it contends that its failure to list Shearin on its January 31, 2023 witness list was the result of "excusable neglect," AmGuard offers no explanation for its failure to disclose Shearin as an expert witness in the first instance as required by Federal Rule 26(a) and the Court's Scheduling Order (Dkt. #43). Thus, the Court finds that this factor weighs in Plaintiffs' favor.

The third factor is the potential prejudice to Plaintiffs. *Id.* Plaintiffs contend that they will be prejudiced if the Court allows Shearin to testify because he was disclosed to them as an expert only weeks before trial and because he has not been deposed (Dkt. #41 at p. 1). In response, AmGuard points out that, to date, Plaintiffs have not deposed any of AmGuard's expert witnesses (Dkt. #43 at p. 4). And, in any event, AmGuard has made (and continues to make) Shearin available for deposition (Dkt. #43 at p. 4). It is also worth noting that the substance of Shearin's

4

testimony is likely reflected in the expert report that AmGuard served on Plaintiffs over six months ago, and that Plaintiffs have known about Shearin since the July 19 inspection (Dkt. #43 at p. 4). Considering these facts, the Court finds that the potential for prejudice to Plaintiffs is minimal here. And so, the third factor weighs in favor of denying Plaintiffs' motion.

The fourth and final factor requires the Court to consider whether a continuance could cure any prejudice caused by the untimely designation. *Gen. Dynamics*, 999 F.2d at 115. The Fifth Circuit has "repeatedly emphasized that a continuance is the preferred means of dealing with a party's attempt to designate a witness out of time." *Betzel v. State Farm Lloyds*, 480 F.3d 704, 708 (5th Cir. 2007). The trial of this case has already been continued twice—most recently on April 20, 2023, when the Court pushed the trial date from April 24, 2023 to May 1, 2023 (Dkt. #35; Dkt. #42). This means that Shearin has been disclosed to Plaintiffs for over a month. In that time, AmGuard has made Shearin available to Plaintiffs for deposition (Dkt. #43 at p. 4). The thus Court finds that the two prior continuances have cured any prejudice to Plaintiffs and that the fourth factor weighs in AmGuard's favor. In sum, the Court determines that the factors weigh against striking Shearin as an expert witness. *See Gen. Dynamics*, 999 F.2d at 115.[2]

## CONCLUSION

It is therefore **ORDERED** that Plaintiffs' Motion to Strike Steve Shearin and Exhibits Therefore (Dkt. #41) is hereby **DENIED**.

**IT IS SO ORDERED.**

---

[2] In addition to moving to strike Shearin as an expert, Plaintiffs also move to strike Shearin's CV as an exhibit because it is inadmissible hearsay (Dkt. #41 at p. 1). Plaintiffs' hearsay objection is well-taken, and the Court will not allow a witness's CV to be admitted into evidence as an exhibit absent a stipulation by the parties. *Jones v. Am. Council on Exercise*, No. 4:15-CV-3270, 2016 WL 6084636, at *2 (S.D. Tex. Oct. 18, 2016) (noting that an expert witness's curriculum vitae is "technically hearsay and thus likely will not be admitted as evidence at trial absent a stipulation between the parties"). That said, Shearin's CV may be properly used as a demonstrative at trial. For this reason, the Court denies Plaintiffs' request to strike Shearin's curriculum vitae from Defendant's exhibit list without prejudice to Plaintiffs' ability to renew their objection at trial.

5

**SIGNED this 27th day of April, 2023.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE